**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**DELTA DIVISION**

KENNETH RAY PITTS,                                                                      PLAINTIFF
ADC #085938

v.                                          2:24CV00218-JM-JTK

DEXTER PAYNE, et al.                                                                  DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition ("Recommendation") has been sent to United States District Judge James M. Moody, Jr.   Any party may file written objections to all or part of this Recommendation.   If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objections; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation.   By not objecting, you may waive the right to appeal questions of fact.

## DISPOSITION

## I.      INTRODUCTION

Kenneth Ray Pitts ("Plaintiff") is incarcerated at the East Arkansas Regional Unit ("EARU") of the Arkansas Division of Correction ("ADC").   He filed this pro se civil rights action pursuant to 42 U.S.C. § 1983.   (Doc. Nos. 2, 3).   Plaintiff sued ADC Director Dexter Payne, EARU Bookkeeper Swiney, EARU Business Manager Thomas, and Supervisor Richard Doe. (collectively, "Defendants") in their personal and official capacities.   (Doc. No. 2). Plaintiff also filed a Motion for Leave to Proceed in forma pauperis.   (Doc. No. 1).

1

The Court has determined that Plaintiff is a "three-striker" under the Prison Litigation

Reform Act ("PLRA"). As such, Plaintiff may proceed in forma pauperis only on those claims

for which he has established imminent danger of serious physical harm. As explained below,

Plaintiff has not shown that he was in imminent danger at the time he filed his Complaint, as

supplemented.

II.    SCREENING

The Court is required to screen complaints seeking relief against a governmental entity or

officer or employee of a governmental entity. 28 U.S.C. §1915(a).[1] Additionally, the PLRA

provides that:

> [i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil
> action or proceeding under this section if the prisoner has, on three (3) or more prior
> occasions, while incarcerated or detained in any facility, brought an action or appeal

---

[1] The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Whether a plaintiff is represented by counsel or is appearing pro se, his complaint must allege specific facts sufficient to state a claim. See Martin v. Sargent, 780 F .2d 1334, 1337 (8th Cir.1985). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32 (1992).

Additionally, to survive a court's 28 U.S.C. § 1915(e)(2) and 42 U.S.C. § 1997e(c)(1) screening, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), citing Twombly, 550 U.S. at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Twombly, 550 U.S. at 556-7. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of entitlement to relief." Id.

in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

Plaintiff has had at least three complaints dismissed for failure to state a claim.[2]    The Court finds that Plaintiff is a "three-striker" within the meaning of the PLRA.  Gonzalez v. United States, 23 F. 4th 788, 789-91 (8th Cir. 2022).

Plaintiff may, however, be permitted to proceed in forma pauperis if he falls under the "imminent danger" exception to the three strikes rule set forth above. 28 U.S.C. §1915(g).   This exception does not apply to allegations of past danger, and the alleged harm must be "real and proximate" and occurring at the time the complaint is filed.   Lewis v. Sullivan, 279 F.3d 526, 531 (7th Cir. 2002).   In the Eighth Circuit, the exception does not apply unless plaintiff alleges "specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury."   Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003).

## III.    DISCUSSION

Plaintiff's claims in this case arise from his dissatisfaction with how Defendants treated certain IRS payments to Plaintiff.   Plaintiff alleges, for example, that an ADC bookkeeper received two economic impact checks on May 8, 2024 and July 16, 2024.   (Doc. No. 2 at 7).   An ADC official told Plaintiff that one of the checks had been voided, but Plaintiff received no notice

---

[2] See Pitts v. Moore, et al.,   4:06cv01305-JLH (E.D. Ark.) (dismissed Sept. 22, 2006 for failure to state a claim) (no appeal filed); Pitts v. Johnson, et al., 5:99cv00071-JMM (E.D. Ark.) (dismissed May 11, 1999 for failure to state a claim) (aff'd on appeal Dec. 7, 1999); and Pitts v. Brownlee, et al., 5:99cv00178-HW (E.D. Ark.) (dismissed Sept. 7, 1999 for failure to state a claim) (no appeal filed).

from the IRS "about the void check." (Id.). Plaintiff informed Defendant Doe that the EARU bookkeeper had stolen Plaintiff's economic impact payment checks, to no avail. (Id. at 8, 9). The entirety of Plaintiff's Complaint and supplemental filing, "Facts," concerns financial-related matters. (Doc. Nos. 2, 3).

Even the most liberal reading of Plaintiff's Complaint and supplemental filing do not indicate that Plaintiff was under imminent danger of serious physical injury. As such, Plaintiff is not entitled to the imminent danger exception.

Plaintiff filed a Motion to Remove or Delete from a Legal Document in which he asks the Court to "remove or delete from a legal document and esp of striker plaintiff." (Doc. No. 4). The Court interprets Plaintiff's request as a request to disregard his three-stiker status. Plaintiff's Motion should be denied.

IT IS, THEREFORE, RECOMMENDED that:

1.      Plaintiff's Motion for Leave to Proceed In Forma Pauperis (Doc. No. 1) be DENIED.

2.      Plaintiff's Motion to Remove or Delete from a Legal Document (Doc. No. 4) be DENIED.

3.      Plaintiff's Complaint (Doc. Nos. 2, 3) be DISMISSED without prejudice.

4.      If Plaintiff wishes to continue this case, he be required to submit the statutory filing and administrative fee of $405.00 to the Clerk, noting the above case style and number, within fifteen (15) days of the date of this Order, together with a motion to reopen the case. Upon receipt of the motion and full payment, the case will be reopened.

5.      The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an in forma pauperis appeal from any Order adopting these recommendations and the accompanying Judgment would not be taken in good faith.

Dated this 10th day of December, 2024.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE